**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50216 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00240-LAB |
| v. | |
| ALEJANDRO PARRA-RAMOS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 19, 2018**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Alejandro Parra-Ramos appeals from the district court's judgment and

challenges the 24-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Parra-Ramos argues for the first time on appeal that the prosecutor breached the terms of the parties' plea agreement by stating that he would "take the fifth" in response to the district court's request that he explain the reasoning behind the agreed-upon recommendation of a two-month sentence and by stating that there "[was]n't any rationality" to the recommendation in light of the 84-month sentence recommended by the government in another illegal reentry case the same day. The government argues that Parra-Ramos waived this claim. We decline to decide whether Parra-Ramos waived his breach claim because, even if merely forfeited, he cannot establish plain error.[1] *See United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012). Even if the government breached the plea agreement by implicitly disclaiming the agreed-upon recommendation, the breach did not affect Parra-Ramos's substantial rights. *See United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1187 (9th Cir. 2013). At sentencing, the district court focused on Parra-Ramos's five prior convictions for immigration offenses and his failure to be deterred by previous sentences. Even defense counsel recognized at sentencing that, in light of Parra-Ramos's history, the court would be "disinclined" to follow the parties' recommendation. Under these circumstances, there is no reasonable probability

---

[1] We do not approve of "taking the fifth" when asked by a judge about the reasoning behind a plea agreement and then saying it had "no rationality." We expect more serious responses by officers of the court, especially when the issue is the length of a defendant's sentence.

that the alleged breach affected the court's sentencing determination. *See id.* at 1188-89.

**AFFIRMED.**